**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL S. CAVALE,<br><br>**Plaintiff,**<br><br>v.<br><br>FORD MOTOR COMPANY; VISALIA FORD, INC.; and DOES 1 through 10, inclusive,<br><br>**Defendants.** | 1:18-cv-00680-LJO-BAM<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO REMAND**<br><br>(ECF Nos. 12, 14, 17) |

## I. BACKGROUND

On April 18, 2018 Plaintiff Michael S. Cavale ("Plaintiff") filed a complaint against Defendants Ford Motor Company ("Ford") and Visalia Ford, Inc. ("Visalia") (collectively, "Defendants")[1] in the Superior Court of California for the County of Fresno. ECF No. 1-2, "Compl.," ¶¶ 4-6. Ford is alleged to be engaged in the business of designing, manufacturing, and distributing automobiles. Compl. ¶ 4. Visalia is alleged to be engaged in the business of selling, servicing, and repairing automobiles. *Id.* ¶ 5. The action arises out of Plaintiff's purchase of a 2012 Ford Edge vehicle on or about January 31, 2012. *Id.* ¶

---

[1] Plaintiff also sued Doe Defendants 1 through 10. For removal based on diversity of citizenship, as here, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

1

7. The complaint alleges that during the express warranty period the vehicle contained or developed several defects. *Id.* ¶¶ 9, 31. Plaintiff alleges five causes of action under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) (the "Song-Beverly Act")[2] and a sixth cause of action claiming fraud by omission.

On May 17, 2018, Ford filed a notice of removal of the entire action, based on its assertion that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). ECF No. 1. Ford contends that Visalia has been fraudulently joined in the action and therefore its California citizenship does not defeat diversity jurisdiction under § 1332. *Id.* ¶¶ 6, 17-22. Specifically, Ford contends that the only cause of action against Visalia is the fifth cause of action for the breach of the implied warranty of merchantability under California Civil Code § 1791.1 and that the claim is plainly barred by the applicable four-year statute of limitations. *Id.* ¶¶ 19-20. Accordingly, Ford submits that the California citizenship of Visalia can be ignored and there is complete diversity between Plaintiff, a citizen of California, and Ford, a citizen of Delaware and Michigan for diversity jurisdiction purposes. *Id.* ¶¶ 13-15.

By motion filed on June 18, 2018, Plaintiff moved to remand the case, arguing that (1) Ford is unable to demonstrate that Visalia was fraudulently joined; (2) Ford has not met its burden to demonstrate that the amount in controversy exceeds the jurisdictional threshold of $75,000 under § 1332; and (3) Ford has not met its burden to demonstrate that Plaintiff is a citizen of California in order to establish diversity. ECF No. 12-1 at 1-2. Ford filed an opposition on July 2, 2018 and Plaintiff replied on July 9, 2018. ECF Nos. 14, 17.

---

[2] The Song-Beverly Act was enacted in 1970 and governs the sale of consumer goods. *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 212-13 (1991). "The Act regulates warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties." *Id.* at 213 (citing Cal. Civ. Code, §§ 1790-1795.8). The Act also contains a provision that gives recourse to the buyer of a new automobile that suffers from the same defect repeatedly. *Id.* Additionally, the Act provides that "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, ⎯⎯ U.S. ⎯⎯, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each defendant's citizenship. *Id.* A defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant, or in other words, when that defendant has been fraudulently joined. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

On a motion to remand, the removing defendant faces a strong presumption against removal, and the defendant bears the burden of establishing that removal was proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). A case should be remanded if it appears the case was removed improvidently or without jurisdiction. *See* 28 U.S.C. § 1447(c). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus*, 980 F.2d at 566.

Where a non-diverse defendant has been "fraudulently joined" to an otherwise completely diverse case, that non-diverse defendant's citizenship is disregarded for diversity jurisdiction purposes. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002) (citations omitted). However, there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039,

1046 (9th Cir. 2009) (citation omitted). "A defendant is fraudulently joined when [a] 'plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 406 (9th Cir. 2016) (quoting *McCabe,* 811 F.2d at 1339); *see also Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) ("[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

## III. DISCUSSION

Plaintiff first argues that Ford has fallen short of carrying its heavy burden of proof to show that removal was proper because it has not demonstrated that Visalia was fraudulently joined and hence the district court does not have jurisdiction and the matter should be remanded pursuant to 28 U.S.C. § 1447(c). ECF No. 12-1 at 4-6. As Defendant points out, the statute of limitations can be a basis for finding a defendant has been fraudulently joined. ECF No. 14 at 12; *see, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (non-diverse defendants fraudulently joined where statute of limitations barred cause of action against them); *Hamilton Materials, Inc*, 494 F.3d at 1206 (same). The central dispute among the parties is whether the statute of limitations bars Plaintiff's breach of implied warranty claims against Visalia, indicating that Visalia has been fraudulent joined to defeat diversity jurisdiction in this action.[3] "If the plaintiff fails to state a cause of action against a resident defendant, and the failure

---

[3] Neither party appears to dispute that the statute of limitations applicable to breach of implied warranty claims under the Song Beverly Act, Cal. Civ. Code § 1791.1, is four years pursuant to California Commercial Code § 2725. ECF No. 14 at 13; ECF No. 12-1 at 8; *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 1745948, at *6 (N.D. Cal. May 3, 2016) ("[A]lthough '[t]he Song-Beverly Act does not include its own statute of limitations, California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by the same statute that governs

4

is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe,* 811 F.2d at 1339. Therefore, the Court addresses whether Plaintiff's implied warranty claim against Visalia is obviously barred by the statute of limitations. Plaintiff purchased his Ford vehicle in January 2012 and did not bring this action until April 2018. While the four-year statute of limitations may have expired, Plaintiff submits several theories under which he argues that the statute of limitations on the implied warranty claims against Visalia have been tolled: 1) the delayed discovery rule; 2) the class action tolling rule; 3) the equitable tolling rule; 4) the fraudulent concealment rule; 5) the warranty extension rule; and 6) the repair doctrine. ECF No. 12-1 at 2.

Upon review, it is possible that at least one, if not more, of these tolling doctrines applies and that Plaintiff's claim against Visalia for breach of implied warranty is not time barred. For example, several courts have found that fraudulent concealment tolling applies to implied warranty of merchantability claims. *Jimenez v. Ford Motor Co.*, No. CV 18-3558, 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) ("As multiple district courts have recognized, equitable tolling principles—including fraudulent concealment tolling—apply to the statute of limitations for implied warranty of merchantability claims.") (collecting cases); *Philips v. Ford Motor Co.*, 2016 WL 1745948, at *14 ("A number of other courts have found that, when properly pleaded, fraudulent concealment tolls the statute of limitations for claims brought under the Song-Beverly Act.") (collecting cases).

---

the statute of limitations for warranties arising under the [California] Commercial Code [§ 2725].'") (quoting *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1305-06 (2009)). However, Plaintiff argues that under § 1791.1, the duration of an implied warranty extends up to one year following the sale of consumer good to a retail buyer, and that as a result "implied warranty claims must be brought within four years of the expiration of the one-year period, or five years from the date of sale." ECF No. 12-1 at 8. The Court interprets this as an argument about when the statute of limitations accrues for Plaintiff's implied warranty claims. *See, e.g.*, *Hamilton Materials, Inc.*, 494 F.3d at 1206 ("Statutes of limitation normally begin to run when a claim accrues—that is, when the cause of action is complete with all of its elements."). It is not necessary to address these arguments in depth because the Court must only find that Plaintiff's claim against Visalia is *possible*. As a result, the Court only substantively addresses Plaintiff's fraudulent concealment tolling theory since it is possible that the statute of limitations for the breach of the implied warranty claim may be tolled under such a theory. The Court does not reach the parties' other arguments.

5

Ford argues that fraudulent concealment tolling does not apply to Plaintiff's claim against Visalia because "his complaint does not allege any fraudulent conduct by Visalia" and that Plaintiff has failed to plead facts to establish fraud-based tolling under Rule 9(b), including failing to plead when the fraud was discovered, the circumstances of its discovery, and that Plaintiff was not at fault for failing to discover it. ECF No. 14 at 17-18. However, Ford's argument concerning the sufficiency of Plaintiff's pleadings misses the mark. The standard for demonstrating fraudulent joinder is a high one, and the relevant question is whether it is *possible* for Plaintiff to state a claim against Visalia, not whether it has been sufficiently pled. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. 'The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.'") (citation omitted).

"[T]he doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale" and "requires the plaintiff (1) plead with particularity the facts giving rise to the fraudulent concealment claim and (2) demonstrate that he or she used due diligence in an attempt to uncover the facts." *Philips v. Ford Motor Co.*, 2016 WL 1745948, at *13 (denying motion to dismiss implied warranty claims and finding that although claims fell outside statute of limitations, the claim was subject to fraudulent concealment tolling) (citations omitted). Here, Plaintiff has pled that "Defendant committed fraud by allowing the Vehicle to be sold to Plaintiff without disclosing that the subject Vehicle and its Sync system was defective and susceptible to sudden and premature failure." Compl. ¶ 44.[4] Plaintiff also pleads that "while Defendant knew about the Sync defect, and its safety risks since 2009, if not before, Defendant nevertheless concealed and failed to disclose the defective nature of the Vehicle and its Sync system to Plaintiff at the time of sale and thereafter." *Id.* ¶

---

[4] "As used in this Complaint, the word 'Defendant' shall refer to all Defendants named in this Complaint, unless otherwise specified." Compl. ¶ 3.

48. Plaintiff additionally pleads that he "discovered Defendant's wrongful conduct alleged herein at or around the time that he requested a buyback of the vehicle from Defendant in around February 2018." *Id.* ¶ 50(c).

The Court concludes that it is not obvious that Plaintiff cannot state a claim against Visalia, because it is possible that the statute of limitations on the breach of the implied warranty claim may be tolled under a theory of fraudulent concealment. Even if the allegations concerning fraudulent concealment are not sufficiently pled, Ford has not shown that Plaintiff would not be able to amend the complaint to allege a viable tolling theory applies to Plaintiff's claim.[5] *See Vincent v. First Republic Bank Inc.*, No. C 10-01212, 2010 WL 1980223, at *3 (N.D. Cal. May 17, 2010) ("Even if the complaint fails to state any claims against the non-diverse individual defendants, defendants have not shown that plaintiff would not be able to amend the complaint to allege any viable claim against the individual defendants under California law."). The court in *Jimenez v. Ford Motor Co.* dealt with the same question presented here – whether a Ford dealer had been fraudulently joined when Ford argued that the statute of limitations had expired on the implied warranty of merchantability claim. 2018 WL 2734848, at *2. The court found that "although Ford argues that Plaintiff has not pled sufficient facts to demonstrate that the statute of limitations is tolled as to her claim against United Brothers, the Court cannot conclude that Plaintiff has

---

[5] For example, while the parties dispute whether the "delayed discovery rule" applies to implied warranty claims, some courts have held that it does apply to toll the statute of limitations. *See Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 924-25 (C.D. Cal. 2010) (holding that existence of express warranty tolled the statute of limitation "until Plaintiff reasonably knew that his MINI would not perform as it should, which did not occur until his windshield cracked and BMW would not replace it" and this tolled the statute of limitations on Plaintiff's implied warranty claim as well); *Falco v. Nissan N. Am. Inc.,* No. 13-cv-0686, 2013 WL 5575065 (C.D. Cal. Oct. 10, 2013) ("Following the holding in *Ehrlich,* Plaintiffs' claims are not time barred because [defendant's] five-year warranty tolled the running of the implied warranty's statute of limitations."). *But see MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1101 (N.D. Cal. 2014) (finding "the reasoning in *Ehrlich* to be unpersuasive" and "that the statute of limitations on Plaintiffs' Song–Beverly claim is not tolled by any express warranty, and is limited to four years from the breach of implied warranty."); *Philips v. Ford Motor Co.*, 2016 WL 1745948, at *12-13 (discussing both lines of cases).

7

no possibility of ultimately stating her claim for breach of implied warranty of merchantability." *Id.* The court indicated that it was possible that the statute of limitations was tolled under equitable tolling principles – including fraudulent concealment tolling – and found that Ford's arguments concerning the statute of limitations barring the claim were "better raised in a demurrer, motion to dismiss, or motion for summary judgment." *Id.*[6] The Court finds the reasoning in *Jimenez* applicable here. Evaluating all the factual allegations in the light most favorable to Plaintiff, the Court finds that Ford has not shown that there is absolutely no possibility that Plaintiff can state a claim against Visalia. *See Vincent*, 2010 WL 1980223, at *5; *Hunter*, 582 F.3d at 1046 ("if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)). Accordingly, Ford has not met its burden in showing that Visalia has been fraudulent joined.

Additionally, Plaintiff motion to remand submits that Ford failed to establish that the amount in controversy exceeds $75,000 and has not shown that Plaintiff is a citizen of California for the purposes of the diversity analysis. Because the Court finds that Ford has not established fraudulent joinder, it declines to reach these issues.

### IV. **CONCLUSION AND ORDER**

Because Ford has not demonstrated that Visalia, a California citizen for diversity purposes, has been fraudulently joined, the Court concludes that Visalia's California citizenship defeats removal under 28 U.S.C. § 1441(b)(2).

---

[6] Defendant attempts to distinguish *Jimenez* by arguing it "followed an order to show cause on two days' notice and did not await a reply by Ford[,]" the "court did not decide the merits of Ford's argument that the claim against the dealer was time-barred but found it 'better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal[,]'" and "plaintiff at least pleaded several tolling theories." ECF No. 14 at 9. The Court finds these purported distinctions do not provide any basis for not applying the reasoning for remand in that case to this one.

8

For all the foregoing reasons, the Plaintiff's motion to remand (ECF No. 12) is **GRANTED**. This action is **HEREBY REMANDED** to the Superior Court of California for the County of Fresno.

The Clerk of the Court is **DIRECTED TO CLOSE** the case.

IT IS SO ORDERED.

Dated: **August 8, 2018**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE